UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY E. SCOTT, ) | Case No. C07-265-JCC-JPD |
| Petitioner, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| KENNETH QUINN, ) | |
| Respondent. ) | |

### I. INTRODUCTION AND SUMMARY CONCLUSION

*Pro se* petitioner Timothy E. Scott, a prisoner incarcerated at the Monroe Correctional Complex in Monroe, Washington, previously filed an *in forma pauperis* ("IFP") application and a proposed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. After correcting a deficiency in his IFP application, see Dkt. No. 4, but before this Court ruled on that application, petitioner decided to voluntarily dismiss his petition. Dkt. No. 13. Approximately one month later, petitioner filed a motion to reconsider his case. Dkt. No. 15. The Court construed petitioner's motion as a motion to reopen his § 2254 case pursuant to Fed. R. Civ. P. 60(b)(1), granted petitioner's IFP application, and directed that petitioner show cause why his motion to reopen should not be denied. Specifically, petitioner was directed to supplement his motion to reopen with an explanation of the claimed "mistake"—the sole ground upon which his motion was premised. Dkt. No. 20. The present matter comes before

REPORT AND RECOMMENDATION
PAGE – 1

01 the Court on plaintiff's attempt to do so in his show cause response. Dkt. No. 24. After
02 careful consideration of the pleadings, the governing law, and the balance of the record, the
03 Court recommends that petitioner's motion to reopen his § 2254 petition be DENIED and his
04 case remain CLOSED.

05 II.  FACTS AND PROCEDURAL HISTORY

06       The facts of this case are somewhat ambiguous. On September 16, 1993, petitioner
07 was charged with rape in the second degree and indecent liberties for sexually assaulting a
08 sixteen year-old developmentally disabled girl. On November 17, 1993, he pleaded guilty to
09 the amended charge of communicating with a minor for immoral purposes and fourth-degree
10 assault. R.C.W. § 9A.44.110;[1] R.C.W. § 9A.36.041. On December 3, 1993, after petitioner
11 pleaded guilty to those charges, the King County Superior Court entered judgment against
12 petitioner, sentencing him to a twelve-month suspended sentence with twelve months of
13 probation. *See* Dkt. No. 1, Exs. 1, 2.[2]

14       It appears that after judgment and sentence were entered, petitioner asked the superior
15 court to relieve him of the duty to register as a sex offender, to no avail. Accordingly,
16 on October 24, 2005, petitioner filed an "Appeal on Motion to Cease Registering" with the
17 Washington Court of Appeals, Division One ("Court of Appeals"). On February 13, 2006, the
18 Court of Appeals affirmed the ruling of the superior court and upheld the petitioner's
19 conviction. *See State v. Scott*, 131 Wn.App. 1036 (2006) (unpublished disposition). Petitioner
20 then filed a petition for review in the Washington Supreme Court, which was denied by the
21 Supreme Court Commissioner without substantive comment on December 5, 2006. *State v.*

---

[1] Former R.C.W. § 9A.44.110 (repealed by Laws of 1984, ch. 262 and recodified at R.C.W. § 9.68A.090), was formerly codified at R.C.W. § 9A.88.020.

[2] Petitioner is currently confined as a result of two unrelated 2004 convictions. *See* C06-839-JCC, Dkt. No. 35 at 1.

REPORT AND RECOMMENDATION
PAGE – 2

*Scott*, 158 Wn.2d 1015, 149 P.3d 378 (2006). On December 29, 2006, the Court of Appeals issued its mandate.

It appears that petitioner did not seek collateral review of this matter in state court. Instead, on February 20, 2007, he filed an application to proceed IFP and a proposed § 2254 petition for writ of habeas corpus. Dkt. No. 1. After correcting deficiencies in his IFP application, but before this Court ruled on that application, petitioner voluntarily dismissed his petition pursuant to Fed. R. Civ. P. 41(a)(1). Shortly thereafter, petitioner filed a motion to reopen his case, which was referred to the undersigned Magistrate Judge on July 12, 2007. Dkt. No. 19. Petitioner's motion to reopen described his voluntary dismissal as a "mistake," asked the Court to order a photo of his genitalia "to prove [his] innocen[ce] against [the victim's] statements," and reasserted the arguments made in his proposed § 2254 petition. On that same date, this Court granted petitioner's IFP application but directed that petitioner show cause why his motion to reopen should not be denied. Dkt. No. 20. Petitioner's response, his § 2254 petition, and the complete record in this case are now before the Court.

### III. DISCUSSION

A.   <u>Motions to Reopen Under Fed. R. Civ. P. 60(b)(1)</u>

Federal Rule of Civil Procedure 60(b) regulates the procedure for obtaining relief from final judgments, and is available to habeas petitioners seeking to reopen previously dismissed petitions brought pursuant to 28 U.S.C. § 2254. *See Gonzalez v. Crosby*, 545 U.S. 524, 534-35 (2005).[3] Motions to reopen premised upon mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)); newly discovered evidence (Rule 60(b)(2)); or fraud (Rule 60(b)(3)) must be brought "not more than one year after the judgment, order, or proceeding was entered

---

[3] A voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(I) may be treated as a final judgment for purposes of Rule 60(b). *See, e.g.*, *Kalt v. Hunter*, 66 F.3d 1002, 1004 (9th Cir.1995); *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998); *see also Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001).

REPORT AND RECOMMENDATION
PAGE – 3

or taken." Fed. R. Civ. P. 60(b)(1)-(3).  If the asserted ground for relief from the prior judgment does not fall within one of the specific categories enumerated in Rule 60(b)(1)-(5), relief may be available under the residual provision of the rule. *See* Fed. R. Civ. P. 60(b)(6). Here, because petitioner's motion is explicitly premised on a mistake, Rule 60(b)(1), not 60(b)(6), applies. *See Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 n.8 (9th Cir. 2002) ("Clause 60(b)(6) is a "catch-all" clause that is read as being exclusive of the other grounds for relief listed in Rule 60.").

> B.      Petitioner's 60(b)(1) Motion, as it Relates to His Sex Offender Registration Claim, Is Not a "Second or Successive" Petition Under 28 U.S.C. § 2244(b)

The Court may not conduct the aforementioned analysis if petitioner's § 2254 petition is a "second or successive" petition governed by 28 U.S.C. § 2244(b)(1)-(2). *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).  If a habeas petition is successive, it must meet the requirements set forth in 28 U.S.C. § 2244(b), and be precertified by the appropriate court of appeals as falling within an exception to the successive-petition bar. *See* 28 U.S.C. § 2244(b)(3)(A), Ninth Circuit Rule 22-3(a). Such a petition, disguised as a Rule 60(b) motion, cannot make an end run around this requirement.

The difference between a true Rule 60(b) motion and an unauthorized "second or successive" habeas corpus petition was explained in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). There, the Supreme Court held that a Rule 60(b) motion that "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a [habeas] claim on the merits," constitutes a second or successive habeas petition. *Id.* at 532.

Here, to the extent petitioner has asked the Court to order a photo of his genitalia "to prove [his] innocen[ce] against [the victim's] statements," Dkt. No. 15, Ex. 2, he seeks to add a new ground for relief, making that portion of his 60(b) motion an unauthorized "second or successive" petition under § 2244(b). However, his sex offender registration claim advances no new ground for relief; nor does it attack a court's previous merits-based resolution of his

REPORT AND RECOMMENDATION
PAGE – 4

habeas petition. Rather, it simply seeks to revive a petition previously voluntarily dismissed. Because the instant motion confines itself not only to the first federal habeas proceeding, but also to a non-merits aspect of that proceeding, it is not a "second or successive" petition under 28 U.S.C. § 2244(b), as defined by *Gonzalez. See Gonzalez*, 545 U.S. at 534.

### C. Petitioner Has Failed Set Forth Any Basis For His Alleged "Mistake" Under Rule 60(b)(1)

Pursuant to Rule 60(b)(1) a district court has the authority to vacate a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Ordinarily, a movant alleging a "mistake" under Rule 60(b)(1) "must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). Errors of law may also be corrected by Rule 60(b) motions in the Ninth Circuit. *Liberty Mutual Ins. Co. v. Equal Employment Opportunity Comm'n*, 691 F.2d 438, 441 n.5 (9th Cir. 1982). However, it is a well-established principle that Rule 60(b) does not provide relief from "free, calculated [and] deliberate choices" made by litigants. *Ackerman v. United States*, 340 U.S. 193, 198 (1950). Furthermore, ignorance or mistake of law is not a "mistake" for purposes of Rule 60(b)(1). *Cf. Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001); *Yapp v. Excel Corp*, 186 F.3d 1222, 1231 (10th Cir. 1999). A leading treatise has summarized this area of law as follows:

> Relief will not be granted under Rule 60(b)(1) merely because a party is unhappy with the judgment. Instead the party must make some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. . . . Ignorance of the rules is not enough, nor is ignorance of the law. Voluntary action also may estop a party from seeking relief on the ground of mistake . . . . This includes matters such as . . . deliberately adopted stipulations, *or voluntary dismissals*.

11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2858 (2007) (footnotes omitted) (emphasis added).

Plaintiff's response to the Court's show cause Order fails to allege, much less explain or justify, a basis for his claimed "mistake," leaving the Court to at best speculate as to a

REPORT AND RECOMMENDATION
PAGE – 5

possible reason. Such a showing is insufficient to meet the burden imposed by Rule 60(b)(1). As noted above, the plaintiff's decision to voluntarily dismiss his § 2254 petition, though perhaps unwise in hindsight, was nevertheless made voluntarily and cannot be undone absent a showing of a specific error. *Straw*, 866 F.2d at 1172. Rule 60(b)(1) cannot be used merely to relieve a litigant from improvident choices. *Ackerman*, 340 U.S. at 198. Furthermore, the consequences of plaintiff's (and the Court's) decision in this case are limited, and will not preclude the future filing of a new § 2254 petition should plaintiff be subject to unconstitutional constraints cognizable in a habeas petition.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's Motion to Reopen his § 2254 petition (Dkt. No. 15) be DENIED and this case remain CLOSED. A proposed order accompanies this Report and Recommendation.

---

[4] That said, if the posture of this case permitted the Court to decide the merits of petitioner's instant § 2254 petition, the Court would likely be compelled to rule against the petitioner. Even if the Court were to overlook procedural barriers such as nonexhaustion, binding precedent precludes habeas relief at this juncture, for merely being *subject* to a sex offender registry requirement does not satisfy the "in custody" requirement after the original conviction has expired. *Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001); *see also Williamson v. Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998) (holding that the Washington State sex offender law does not place a petitioner "in custody" for purposes of federal habeas relief). However, the opposite conclusion may result should plaintiff's circumstances change in the future. *See, e.g.*, *Zichko*, 247 F.3d at 1019 ("[A] habeas petitioner *is* 'in custody' for the purposes of challenging an earlier, expired rape conviction, when he is *incarcerated* for failing to comply with a state sex offender registration law because the earlier rape conviction 'is a necessary predicate' to the failure to register charge.") (emphasis added).

For reasons similar to those stated above, petitioner's motion to reopen would also fail were it brought pursuant to the catch-all provision of Rule 60(b)(6), due to the lack of merit in petitioner's case and the absence of extraordinary circumstances that would otherwise justify relief. *See Gonzalez*, 545 U.S. at 540 (decision on a Rule 60(b)(6) motion may take into account factors such as, *inter alia*, "the probable merit of the movant's underlying claims"); *see also United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (Rule 60(b)(6) relief is to be used "sparingly [and] as an equitable remedy to prevent manifest injustice"); *Gonzalez*, 545 U.S. at 535 (cautioning that "[s]uch circumstances will rarely occur in the habeas context").

REPORT AND RECOMMENDATION
PAGE – 6

01      DATED this 24th day of September, 2007.

03                                          *James P. Donohue*

04                                          JAMES P. DONOHUE
                                            United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 7